```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                    SOUTHEASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　)<br>　　　　　　　　　　　　　　)　　Criminal No. 3:02-cr-2<br>-vs-　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>ROBERT LEE JOHNSON,　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　)　 | |

## Opinion and Order

**I.   INTRODUCTION**

Before the Court are the Defendant Robert Lee Johnson's Motion to Withdraw Guilty Plea (doc. #73) and Motion to Appoint Counsel (doc. #74).  Because this is Johnson's second collateral attack of his sentence and he has not secured proper certification authorizing a second motion, his motions are **DENIED**.

**II.  Facts**

In January 2002, the United States indicted Johnson on five counts of mailing threatening communications (doc. #1).  Johnson entered into a plea agreement in which he pled guilty to two counts of mailing threatening communications and waived his right to appeal and his right to post conviction relief (doc. #41).  In December 2002, Johnson was sentenced to forty-six months imprisonment (doc. #51).  Johnson appealed, but his plea was dismissed because he waived his right to appeal.

1

In November 2003, Johnson moved for habeas corpus relief under 28 U.S.C. § 2255, arguing he did not knowingly and voluntarily plead guilty and he was denied effective assistance of counsel (doc. #68).  This Court denied his motion, finding his plea was knowing and voluntary and he was not denied effective assistance of counsel (doc. #71).  Johnson now moves to withdraw his guilty plea, claiming his counsel (1) failed to challenge his client's mental status because Johnson was on medication at the change of plea hearing; (2) failed to investigate the grand jury; and (3) failed to investigate Johnson's mental state and physical condition (doc. #73).

### III.  Discussion

Johnson cites Fed. R. Crim. P. 32 as authority to withdraw his guilty plea.  However, Rule 11, Fed. R. Crim. P., governs the withdrawal of guilty pleas:

> (d)  Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
> (1)  before the court accepts the plea, for any reason or no reason; or
> (2)  after the court accepts the plea, but before it imposes sentence if:
> (A)  the court rejects a plea agreement under Rule 11(c)(5); or
> (B)  the defendant can show a fair and just reason for requesting the withdrawal.

Rule 11(e) prohibits the withdrawal of a guilty plea after sentencing, except on appeal or collateral attack:

> (e)  Finality of a Guilty or Nolo Contendere Plea. After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo

>contendere, and the plea may be set aside only on direct appeal or collateral attack.

Section 2255, 28 U.S.C., controls a collateral attack of a guilty plea in this situation.

Section 2255 allows a prisoner to collaterally attack his conviction and sentence. However, section 2255 provides some limitation on successive motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Eighth Circuit Court of Appeals has rejected the efforts of defendants who try to bypass section 2255's second or successive limitation by filing other kinds of motions. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (affirming the district court's denial of a motion for relief under Fed. R. Crim. P. 12(b)(2) as second or successive). Defendants may not avoid section 2255's limitation by filing motions under different names that are properly brought under 28 U.S.C. § 2255. Id.

Johnson has filed one motion under section 2255. His current motion raises three ineffective assistance of counsel arguments. Section 2255 governs these collateral attacks, so his motion must be construed as a motion under section 2255. Because

3

this is Johnson's second or successive motion under section 2255, a panel of the Eighth Circuit must certify the motion as provided in 28 U.S.C. § 2244.  Johnson has not obtained this authorization from the Circuit.  Accordingly, Johnson's Motion to Withdraw Guilty Plea and Motion to Appoint Counsel must be **DENIED**.  Furthermore, any certificate of appealability under 28 U.S.C. § 2253 is **DENIED** because Johnson has failed to make a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2006.

RODNEY S. WEBB, District Judge
United States District Court